WO

MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvis Wayne Jones, | No. CV-19-00848-PHX-DLR (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| George C. Hanks, Jr., et al., | |
| Defendants. | |

Plaintiff Elvis Wayne Jones, who is confined in the Texas Department of Criminal Justice-Allan B. Polunsky Unit in Livingston, Texas, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 9), and four miscellaneous filings, docketed as a Notice (Doc. 6) and Motions (Docs. 7, 8, 11). The Court will deny the Application to Proceed, dismiss the Complaint and this action, and deny the remaining filings as moot.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is "commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).

### A. Three Strikes

"[I]n determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. "[T]he style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (quoting *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)). *See Knapp*, 738 F.3d at 1110 (dismissal of appeal as "'not taken in good faith,'… has been held to be equivalent to a finding of frivolity" and counts as strike); *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008) (section 1915(g) does "not distinguish between dismissals with and without prejudice").

The public electronic case information system for the United States Courts reveals that to date, Plaintiff has filed more than 50 civil actions in federal court, exclusive of, and in addition to, numerous appeals and habeas proceedings.[1] Among those civil actions, three or more have been dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under § 1915(g). Such actions include, but are not limited to:

> *Jones v. Texas Corrections Corporate of America*, No. 3:14-cv-00379 (S.D. Tex. Feb. 8, 2016) (dismissed as frivolous, for failure to state a claim, and barred by § 1915(g)).
>
> *Jones v. City of Austin*, No. 3:09-cv-00077-JWS (D. Alaska May 12, 2009) (dismissed as frivolous and for failure to state a claim).
>
> *Jones v. Beaumont Judicial Court*, No. 1:98-cv-01472-RAS-ESH (E.D. Tex. Feb. 24, 1999) (adopted R&R and dismissed as frivolous).

---

[1] *See* Public Access to Court Electronic Records (PACER), https://www.pacer.gov/.

*Jones v. West*, No. 1:97-cv-00685-HC-ESH (E.D. Tex. Feb. 17, 1999) (adopted R&R and "dismissed as frivolous and for failure to state a claim upon which relief may be granted").

*Jones v. Beaumont Judicial Court*, No. 1:98-cv-01473-TH (E.D. Tex. Feb. 25, 1998) (dismissed as repetitious).

*Jones v. West*, No. 1:96-cv-00532-KFG (E.D. Tex. Sep. 18, 1997) (dismissed action involving claims of a "communist ploy" as frivolous).

Plaintiff has been notified repeatedly that he is subject to the PLRA's three-strike provision and been provided repeated opportunities to demonstrate that his dismissals should not bar him from proceeding in forma pauperis under § 1915(g). For example:

*Jones v. Commissioner C. Overstreet*, No. 4:19-cv-02455 (S.D. Tex. Jul. 15, 2019) (dismissed pursuant to § 1915(g)).

*Jones v. Overstreet*, No. 4:19-cv-02454 (S.D. Tex. Jul. 10, 2019) (dismissed pursuant to § 1915(g)).

*Jones v. U.S. National Federal Debt Contractors*, No. 4:18cv215–WS/CAS, 2018 WL 2435612 (N.D. Fla. May 30, 2018) (adopted R&R and dismissed pursuant to § 1915(g)), *affirmed on appeal by Jones v. U.S. National Federal Debt Contractors*, No. 18-12570-D, 2019 WL 2567721 (11th Cir. Feb. 13, 2019) (found, on review of his "motion challenging the district court's application of the three-strikes provision," that the "record reflect[ed] that Jones previously filed three suits, all of which were dismissed as frivolous").

*Jones v. The Texas U.S. District Courts Judges*, No. 18-40111 (5th Cir. Feb. 15, 2018) (required payment of the appellate docketing fee because Plaintiff "had 3 or more cases dismissed as frivolous").

*Jones v. The Texas U.S. District Courts Judges*, No. 9:17-cv-00183-RC-KFG (E.D. Tex. Mar. 27, 2018) (adopted R&R and dismissed pursuant to § 1915(g)).

*Jones v. TDC Polunsky Disciplinary Capts.*, No. 9:18-cv-00006-RC-ZJH (E.D. Tex. Apr. 26, 2018) (adopted R&R and dismissed pursuant to § 1915(g)).

*Jones v. Texas*, No. 7:08-cv-00196-O (N.D. Tex. Nov. 26, 2008) (dismissed pursuant to § 1915(g)).

*Jones v. Hampton*, No. 7:05-cv-00112-R (N.D. Tex. Jun. 23, 2005) (dismissed under § 1915(g)).

*Jones v. Allred Unit*, No. 7:05-cv-00084-R (N.D. Tex. Apr. 28, 2005) (dismissed pursuant to § 1915(g)).

*Jones v. Johnson*, No. 1:00-cv-00623-JRN (W.D. Tex. Nov. 8, 2000) (dismissed pursuant to § 1915(g)).

*Jones v. Texas TDCJ ID Admin.*, No. 2:12-cv-00019-JAW, 2012 WL 646234 (D. Me. Feb. 28, 2012) (adopted R&R and dismissed pursuant to § 1915(g)).

*Jones v. Morales*, No. 9:10-cv-00089-DWM-JCL, 2010 WL 3614073 (D. Mont. Sep. 8, 2010) (adopted R&R and dismissed pursuant to § 1915(g)).

*Jones v. 1996 Texas Attorney General*, No. 1:09-cv-00079-JMS-BMK (D. Haw. Feb. 29, 2009) (dismissed pursuant to § 1915(g)).

Accordingly, Plaintiff has "three strikes" and may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### B. Imminent Danger Exception

To meet the exception under § 1915(g), the complaint must "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (quoting § 1915(g)). The "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). *See Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) (although courts "should not attempt to evaluate the seriousness of a plaintiff's claims," courts are not required to "blindly accept a prisoner's allegations of imminent danger.").

Plaintiff does not make a credible or coherent allegation that he is in imminent danger of serious physical injury. In his Complaint, Plaintiff sues United States District Judge George C. Hanks, Jr., retired United States Magistrate Judge Earl S. Hines, the United States Congress, and the United States Judicial Conference. Although his allegations are largely incomprehensible, Plaintiff appears to allege: (1) the federal courts

are engaging in an unlawful monitoring program and conspire to deprive him of access to the courts; (2) he has been defrauded by the in forma pauperis statute(s); (3) "gang[] enem[ies]" are monitoring his in forma pauperis affidavits and case dockets for "sensitive information" to steal his identity and defraud him of money; and (4) prison employees monitor his commissary and enforce "illegal state budget cuts" to steal money from his account. These allegations, liberally construed, simply do not satisfy the imminent danger exception § 1915(g). *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

Accordingly, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he may do so by commencing a *new* case and *prepaying* the $400.00 filing and administrative fees at the time of filing his action in federal court.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed** as barred pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff filing a complaint in a new case accompanied by full payment of the $400.00 filing and administrative fees at the time of filing.

(3) To the extent Plaintiff seeks relief therein, his miscellaneous Notice and Motions (Docs. 6, 7, 8, 11) are **denied** as moot.

(4) The Clerk of Court must enter judgment accordingly and **terminate** this case.

Dated this 26th day of July, 2019.

Douglas L. Rayes
United States District Judge